OPINION
{¶ 1} Plaintiffs-appellants, Nada and Robert Merriman, appeal from a judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee, Samuel C. Baldone, D.O., on plaintiffs' claims for medical negligence, lack of informed consent, and loss of consortium.
 {¶ 2} On August 24, 2000, Mrs. Merriman consulted Dr. Baldone regarding a lump on her neck close to her right ear that had been increasing in size over the previous several months. After examining Mrs. Merriman, Dr. Baldone formed the opinion that the lump was a growing parotid tumor that needed to be removed to ensure that it was not malignant. Mrs. Merriman agreed to have the lump surgically removed and, on September 12, 2000, Dr. Baldone performed a right lateral parotidectomy with facial nerve dissection. According to Dr. Baldone's testimony, the surgery was difficult as the facial nerve was entangled with the tumor. Immediately following the surgery and continuing until Dr. Baldone's last appointment with Mrs. Merriman on November 28, 2000, Mrs. Merriman exhibited signs of facial paralysis. On October 6, 2000, Dr. Baldone sent Mrs. Merriman for an ENOG study to test her facial nerve function. The test showed 100 percent inactivity in all branches of Mrs. Merriman's right facial nerve. However, Dr. Baldone testified that temporary paralysis of the facial nerve was an expected side effect of Mrs. Merriman's surgery and he expected full function would return to her facial nerve over time. In fact, function never returned to Mrs. Merriman's right facial nerve and she now suffers from permanent paralysis of the entire right side of her face.
 {¶ 3} On June 19, 2001, Mrs. Merriman and her husband filed a complaint in the Franklin County Court of Common Pleas alleging that Dr. Baldone was negligent in his post-operative treatment of Mrs. Merriman's facial nerve paralysis, failed to properly inform Mrs. Merriman of the risks associated with the parotid surgery he proposed, and that his negligence and failure to obtain Mrs. Merriman's informed consent caused Mr. Merriman to suffer a loss of consortium. Beginning on June 16, 2003, plaintiffs' claims were tried to a jury. On June 25, 2003, the jury returned unanimous verdicts in favor of Dr. Baldone on all three of plaintiffs' claims. On June 30, 2003, the trial court entered judgment for Dr. Baldone.
 {¶ 4} On July 14, 2003, plaintiffs filed motions for judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied these motions on October 27, 2003. Thereafter, plaintiffs appealed assigning the following errors:
I. The jury's finding that defendant Baldone did not commit medical malpractice regarding his post operative care of nada merriman was against the manifest weight of the evidence.
II. The jury's decision finding in favor of defendant baldone on the issue of informed consent was against the manifest weight of the evidence.
III. The trial court erroneously instructed the jury as to the informed consent claim, misleading the jury with regard to informed consent liability.
 {¶ 5} In their first assignment of error, plaintiffs argue that the jury's verdict that Dr. Baldone was not negligent in his post-operative treatment of Mrs. Merriman is against the manifest weight of the evidence. It is well settled that a reviewing court will not overturn a judgment as against the manifest weight of the evidence where that judgment is supported by some competent, credible evidence going to all essential elements of the case.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. When reversing a judgment as being against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact are correct.Seasons Coal Co., Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 79-80.
 {¶ 6} Here, plaintiffs contend that the overwhelming weight of the evidence presented at trial supports their claim that Dr. Baldone was negligent in failing to take corrective action when he discovered that Mrs. Merriman was suffering from postoperative facial paralysis. We disagree.
 {¶ 7} Although plaintiffs are correct that there was evidence from which the jury could have concluded that Dr. Baldone was negligent in his post-operative care of Mrs. Merriman, there is also extensive evidence supporting the jury's conclusion that Dr. Baldone was not negligent. Specifically, plaintiffs' own expert, Dr. Steven Sobol, a board certified otolaryngologist, testified that if Dr. Baldone had expected Mrs. Merriman to suffer temporary facial paralysis following the surgery, his post-operative treatment of Mrs. Merriman did not fall below the expected standard of care. As already noted, Dr. Baldone testified that he expected Mrs. Merriman to suffer some temporary postoperative facial paralysis given the difficulty of the surgery.
 {¶ 8} Similarly, Dr. Baldone's expert witness, Dr. Timothy McCulloch, also a board certified otolaryngologist, testified that it was within the standard of care to be afforded a patient in Mrs. Merriman's post-operative condition to wait up to six months for improvement in the facial nerve functioning before performing further surgery or taking other steps to correct the loss of nerve function. Dr. McCulloch explained that nerve recovery is possible for up to six months after an operation such as that performed on Mrs. Merriman, and during that six month period, the chance of natural recovery must be weighed against the danger that further surgery could cause further or compound any existing nerve damage.
 {¶ 9} Given the above testimony, we cannot conclude that the jury's conclusion that Dr. Baldone was not negligent in his post-operative treatment of Mrs. Merriman is against the manifest weight of the evidence. Plaintiffs' first assignment of error is overruled.
 {¶ 10} In their second assignment of error, plaintiffs assert that the jury's verdict in favor of Dr. Baldone on their informed consent claim is against the manifest weight of the evidence.
 {¶ 11} In order to establish their claim for lack of informed consent, plaintiffs were required to establish the following: (1) that Dr. Baldone failed to inform Mrs. Merriman that permanent facial paralysis was a risk of undergoing the parotid surgery he was recommending; (2) that Mrs. Merriman suffers from permanent facial paralysis as a result of the parotid surgery performed by Dr. Baldone; and (3) that a reasonable person in Mrs. Merriman's position would have decided against undergoing the surgery recommended by Dr. Baldone had the risk of permanent facial paralysis been properly disclosed to her beforehand See Nickellv. Gonzalez (1985), 17 Ohio St.3d 136, syllabus. In attacking the jury's verdict, plaintiffs focus on the first of these three elements. Specifically, plaintiffs contend that the evidence that Dr. Baldone failed to properly inform Mrs. Merriman of the risk of facial paralysis was overwhelming. Again, we disagree.
 {¶ 12} Plaintiffs' own expert, Dr. Sobol, testified that Dr. Baldone's preoperative records indicated that he had in fact disclosed the risk of facial paralysis to Mrs. Merriman. However, even if the evidence, taken as a whole, suggests that Dr. Baldone less than fully disclosed the nature of the risk of paralysis to Mrs. Merriman, plaintiffs claim for lack of informed consent fails because the weight of the evidence strongly supports a finding that a reasonable person in Mrs. Merriman's position would not have chosen to forego surgery even if fully informed of the risk of facial paralysis. On this issue, plaintiff's own witness, Dr. Sobol testified on cross-examination that the vast majority of patients in Mrs. Merriman's position would choose to undergo parotid surgery despite the risk of facial paralysis because it is the "reasonable thing to do." Plaintiffs respond that they were not required to present expert testimony on this issue. Without addressing this argument, we note that even if plaintiffs were not required to present expert testimony on this issue, Dr. Sobol's testimony provided such evidence and plaintiffs' presented no evidence, expert or otherwise, to rebut his testimony.
 {¶ 13} Plaintiffs' second assignment of error is overruled.
 {¶ 14} In their third assignment of error, plaintiffs challenge the trial court's jury instruction on the issue of lack of informed consent on the grounds that the instruction incorrectly limited the plaintiffs' recovery on the claim to costs incurred as a direct result of the surgery performed by Dr. Baldone. Our resolution of plaintiffs' first two assignments of error renders this argument moot, and we decline to address it. See App.R. 12(A)(1)(c).
 {¶ 15} Having overruled plaintiffs' first and second assignments of error and found plaintiffs' third assignment of error to be moot, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bowman and Bryant, JJ., concur.